UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RICO NEWMAN | CIVIL ACTION |
| VERSUS | NO. 25-2478 |
| OUR LADY ANGELS CORP., ET AL. | SECTION "A"(4) |

### ORDER AND REASONS

Plaintiff Rico Newman filed a **Motion for Leave to Amend Complaint (ECF No. 6)** seeking leave to file an amended complaint to add "injuries, symptoms, harm, abuse, complaints, etc." that happened between the time he started processing his original complaint until the day he mailed it to the Clerk's Office for filing. ECF No. 6 at 1. Newman's motion does not include a proposed amended complaint in compliance with Local Rule 7.6.

**I.      Standards of Review**

Generally, Fed. R. Civ. Proc. 15(a) governs the amendment of pleadings before trial. A party may amend its pleading once as a matter of course within 21 days after serving it. Fed. R. Civ. Proc. 15(a)(1).  Rule 15(a)(2) allows a party to amend its pleadings "only with the other party's written consent or the court's leave."  "Rule 15(a) requires a trial court 'to grant leave to amend freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'" *Jones v. Robinson Prop. Grp.*, 427 F.3d 987, 994 (5th Cir. 2005) (internal quotations marks omitted) (quoting *Lyn-Lea Travel Corp. v. American Airlines*, 283 F.3d 282, 286 (5th Cir. 2002)). Moreover, the Rule urges that the Court "should freely give leave when justice so requires." *Id*.

In taking this liberal approach, the Rule "reject[s] the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355

U.S. 41, 48 (1957). When addressing a motion to amend, the court must have a "substantial reason" considering such factors as "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . and futility of the amendment.'" *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones*, 427 F.3d at 994). An amendment is deemed to be futile if it would be dismissed under a Rule 12(b)(6) motion. *Id*. (citing *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir. 2003)).

**II.    Discussion**

The Court notes that Newman's complaint, prior to any proposed amendment, is 157 pages in length and names 17 defendants. As stated above, when determining whether to permit a timely motion to amend, courts consider a variety of factors, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Jones*, 427 F.3d at 994.

Newman failed to attach a copy of his proposed amended complaint to his motion. However, this failure "is not, on its own, fatal to a motion to amend." *Peña v. City of Rio Grande City,* 879 F.3d 613, 618 (5th Cir. 2018). What is fatal, however, is Newman's failure to set forth with any particularity the grounds for his amended complaint. "[A] bare bones motion to amend remains futile when it fails to apprise the district court of the facts [a plaintiff] would plead in an amended complaint.'' *Edionwe v. Bailey*, 860 F.3d 287, 295 (5th Cir. 2017) (quotation and citation omitted); *see also U.S. ex rel. Doe v. Dow Checmical Co.*, 343 F.3d 323, 331 (5th Cir. 2003) ("a bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which the amendment is sought, *cf*. Fed. R. Civ. P. 7(b)—does not constitute a motion

2

within the contemplation of Rule 15(a)") (quotation and citation omitted). Newman's failure to apprise the Court of the grounds for his amendment renders the motion futile. Therefore, his motion to amend his complaint must be denied. *See Rombough v. Bailey*, 733 F. App'x 160, 165 (5th Cir. 2018) ("[Plaintiff] failed to apprise the court of the facts she would plead in her amended complaint, therefore, the district court did not err when it denied her motion to amend as futile").

Accordingly,

**IT IS ORDERED** that plaintiff Rico Newman's **Motion for Leave to Amend Complaint (ECF No. 6)** is **DENIED**.

New Orleans, Louisiana, this   27th   day of January, 2026.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**